Abraham N. Geller, J.
This writ of habeas corpus must be sustained and the alleged juvenile delinquent discharged from custody under her pending detention resulting from the proceedings taken in the Family Court with reference to the juvenile delinquency petition dated December 2, 1964.
On that day her law guardian requested an adjournment to procure witnesses. The court, having inquired at that point and been informed that there was a prior record, directed that she be remanded to Youth House with bail set at $1,000. Then the question of the length of the adjournment was discussed.
*770 The law guardian requested an adjournment of one day. The petitioner police officer suggested nine days and the court thereupon adjourned the matter for nine days. The relator has in the meantime been in detention in the Youth House.
The Family Court Act provides for two separate hearings — a “ fact-finding hearing ” and a “ dispositional hearing ”. To prevent unreasonable delay in holding the fact-finding hearing, section 747 provides: “A fact-finding hearing shall commence not more than three days after the filing of a petition under this article if the respondent is in detention.” Section 748 deals with the adjournment of a fact-finding hearing and provides: “ (a) If the respondent is in detention, the court may adjourn a fact-finding hearing (i) on its own motion or on motion of the petitioner for good cause shown for not more than three days; (ii) on motion on behalf of the respondent * * * for a reasonable period of time.”
It is clear that, since relator was being placed in detention, the Family Court did not have the authority to adjourn the fact-finding hearing for more than three days on the motion of the petitioner police officer. Any adjournment for a longer period of time could be done only on motion or consent of the person representing the alleged juvenile delinquent. Here the law guardian vigorously opposed a lengthy adjournment.
The fact that bail was set does not negate the holding that the relator was placed in detention and has in fact been in detention during this period of more than three days.
The purpose and spirit of the Family Court Act for a prompt fact-finding hearing where a respondent is in detention, would be frustrated were this court to hold otherwise.
Relator’s discharge is from the detention resulting from the proceedings taken with reference to the petition dated December 2, 1964.