OPINION OF THE COURT
Edward H. Lehner, J.
On this application for a writ of habeas corpus the Law Guardian of Benny C. Watts requests his release on the *847 assertion that Family Court Judge Irene J. Duffy improperly adjourned the dispositional hearing beyond the 10-day period authorized in Family Court Act § 350.1 without there being "good cause” for such adjournment as required therein.
Respondent had been voluntarily placed in a group home (St. Mary’s of the Angels in Syosset) by his mother. On July 9, 1986, in Family Court in Nassau County, he admitted that he "did attempt to intentionally damage a mattress” owned by the home, and was adjudged to have committed an act which would constitute the class B misdemeanor "attempted criminal mischief’ if committed by an adult. The judgment directed his transfer to Bronx Family Court.
The case first appeared on the Bronx Family Court Calendar on July 10 and was adjourned until the next day to enable the Law Guardian to attempt to reach respondent’s mother and/or maternal grandmother. However, the attempts to contact the mother were unsuccessful, and the maternal grandmother was unwilling to accept him in her home. Respondent was therefore remanded to the Commissioner of Juvenile Justice (the Commissioner) for nonsecure detention only.
However, on July 15 the Commissioner requested that respondent be remanded for secure detention due to the assertion that he had been arguing with other boys at the facility. The court left that determination to the Commissioner, but indicated that respondent could be paroled to his mother or maternal grandmother. The matter was then adjourned for 10 days to July 21.
On July 21, respondent’s mother appeared, but declined to take him home. The Probation Department did not have its report available, asserting that it did not locate respondent because of his transfer to a secure facility.
The court granted a 10-day adjournment to July 31, finding good cause to have been shown therefor. In so finding, Judge Duffy stated that exploratory placement was indicated, the mental health report was not ordered, and the problems with determining respondent’s whereabouts were because of his own actions.
The Law Guardian argued that "good cause” for the adjournment was not indicated, as the delay resulting from the inability to locate respondent was not excusable
THE LAW
Family Court Act § 350.1 provides that except where respon *848 dent has committed a designated felony act, the dispositional hearing is to commence 10 days after the fact-finding determination except that "on motion of the presentment agency for good cause shown” an adjournment may be granted for not more than 10 days. Additional adjournments may be granted only upon a showing of "special circumstances”, which "shall not include calendar congestion or the status of the court’s docket or backlog”. Similar dual standards for adjournments are set forth in Family Court Act §§340.1 and 748. The requirement to show "good cause” for an adjournment also appears in Family Court Act §§ 325.1, 533, 626, 748, 836 and 1048.
Generally, the Family Court Act envisions prompt disposition of proceedings. However, in the Practice Commentaries (Sobie, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 350.1, p 498), it is stated, with respect to section 350.1, that because of the short time period provided for "the probation investigation report and other diagnostic assessments”, the 10-day provision "is simply unworkable” and as "a result, at least brief adjournments should be granted routinely”.
In the prompt arraignment provision of CPL (180.80) where the District Attorney is required to show "good cause” why a defendant not promptly brought before the court should not be released, the Legislature prescribes that good cause must consist of "some compelling fact or circumstance which precluded disposition of the felony complaint within the prescribed period or rendered such action against the interest of justice.” (See also, CPL 170.70.)
In the speedy trial provisions of CPL 30.30, delay is excused if due to some "exceptional fact or circumstance”, a provision linguistically similar to the "special circumstances” provision for subsequent adjournments under Family Court Act § 350.1 (5).
In examining the various Family Court Act references to "good cause”, the court has not located any authority that discusses the nature of the court’s discretion, and respondent has not advised the court of any case where a juvenile was released on the grounds urged herein.
While it is obvious that each case must be determined on its own particular facts, with no one factor or combination of factors necessarily dispositive, among the matters that should be considered in determining the existence of "good cause” are: the reason for the delay, any conduct on the part of *849 respondent contributing thereto, and the nature of detention from which release is sought. It appears that the good cause standard for obtaining an initial 10-day adjournment was not intended by the Legislature to be a rigid requirement. This standard thus may be more easily satisfied than that for subsequent adjournments when the more rigorous standard of “special circumstances” applies.
Although the city can hardly be deemed blameless for its inability to locate one in its custody, here Judge Duffy found respondent’s actions were at least partially to blame for the failure of the city to be ready to proceed on July 21. Thus, since this court believes that the reasons specified by Judge Duffy justify her finding of good cause for the adjournment (which finding both sides agree this court is required to review), the writ is denied, and the dispositional hearing may proceed on July 31, 1986.