In the Matter of RAYMOND B., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Ambrosio, J.), dated November 3, 1988, which, upon a fact-finding order of the same court (Cozier, J.), dated October 24, 1988, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the third degree and menacing, as well as an act constituting unlawful possession of a weapon by a person under 16 years of age, adjudged him to be a juvenile delinquent, and placed him with the Division for Youth, Title III, for a period of up to 18 months. The appeal brings up for review the fact-finding order dated October 24, 1988.

Ordered that the order of disposition is affirmed, without costs or disbursements.

On October 7, 1988, two plain-clothes police officers observed the appellant on a sidewalk in Queens holding a gun in his hand. The officers approached the appellant with their guns drawn, identified themselves as police officers, and ordered the appellant to drop the gun. The appellant then pointed the gun towards each of the officers before he dropped it.

On October 11, 1988, the petition was filed charging the appellant with criminal possession of a weapon in the third degree (a class D felony), unlawful possession of a weapon by a person under 16 years of age, and menacing. On October 13, 1988, a probable cause hearing was held, and it was determined that probable cause existed for the two weapons charges. At the end of this hearing, the court and both attorneys agreed to hold the fact-finding hearing on October 18, 1988. On October 18, 1988, the fact-finding hearing was commenced, and some testimony was taken from one witness. The court interrupted this witness's testimony and adjourned the hearing to October 24, 1988. The appellant's counsel objected to this adjournment on the ground, *inter alia,* of a speedy trial violation. The fact-finding hearing was concluded on October 24, 1988, when the first witness completed her

testimony and the appellant testified on his own behalf. The appellant testified that he saw his friend throw a gun behind a tree, and picked up the gun and put it in his pocket, intending to return it to his friend. Then the police officers approached him. The court found the appellant guilty of all three charges. The appellant was held in detention throughout the proceedings.

On appeal, the appellant contends that he was denied his right to a speedy trial because the court did not commence the fact-finding hearing until October 18, 1988 and then adjourned the completion of the hearing until October 24, 1988. Family Court Act § 340.1 (1) states that for a "respondent * * * in detention and the highest count [charged in the] petition is less than a class C felony the fact-finding hearing shall commence no more than three days after the * * * initial appearance". At bar, since the appellant's initial appearance was on October 11, 1988, the fact-finding hearing should have commenced by October 14, 1988. However, on October 13, 1988, at the probable cause hearing, the appellant's counsel consented to the fact-finding hearing being held on October 18, 1988. Due to the consent of counsel, the hearing date of October 18 cannot now be contested (see, People ex rel. Pratt v Poland, 44 Misc 2d 769, 770). Additionally, concerning the adjournment of the hearing from October 18, 1988 to October 24, 1988, Family Court Act § 340.1 (1) states that the fact-finding hearing "shall commence no more than three days after the * * * initial appearance". Therefore, since the fact-finding hearing "commenced" on October 18, 1988, as agreed upon by the court and both counsel, the hearing date complied with the statute, even though the completion of the hearing was adjourned to October 24, 1988. Furthermore, given the fact that probable cause was found to exist for the weapon charges and the appellant was charged with a felony, the appellants' detention during this six-day adjournment from October 18, 1988 to October 24, 1988, was not unreasonable.

The appellant's contention that the hearing court incorrectly shifted the burden of proof regarding the defense of temporary and lawful possession to him has merit. The presentment agency had the burden of proving that the appellant's possession of the weapon was not lawful or temporary, and the appellant had no burden of proof in that regard (see, People v Roccaforte, 141 AD2d 775). However, the court's error is harmless since the evidence adduced at the fact-finding hearing does not support such a defense. Although the appellant testified that he picked up the gun and put it in his

pocket to return it to his friend, the court found the appellant pointed the loaded gun at two police officers. Having determined that the evidence established beyond a reasonable doubt the appellant's guilt on the menacing charge, the appellant's possession was not lawful and the temporary lawful possession defense was nonexistent *(see, People v Almodovar,* 62 NY2d 126, 130). The court's error in shifting the burden of proof is therefore harmless beyond a reasonable doubt, since "there is no reasonable possibility that the error might have contributed to [the appellant's] conviction" *(People v Crimmins,* 36 NY2d 230, 237). Rubin, J. P., Balletta, Rosenblatt and Miller, JJ., concur.