■ In the Matter of LAWRENCE C., a Person Alleged to be a Juvenile Delinquent, Respondent.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the presentment agency appeals (1) from an order of the Family Court, Kings County (Palmer, J.), dated January 13, 1988, which granted the respondent's motion to dismiss the petition, and (2) from so much of an order of the same court, dated July 28, 1988, as denied the presentment agency's motion to renew its opposition to the respondent's motion to dismiss.

Ordered that the order dated January 13, 1988 is reversed, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings; and it is further,

Ordered that the appeal from the order dated July 28, 1988 is dismissed, without costs or disbursements, as academic, in light of our determination on the appeal from the order dated January 13, 1988.

The Family Court Act's "speedy hearing" provision requires that where, as here, the respondent is not in detention, a fact-

finding hearing be commenced within "sixty days after the conclusion of the initial appearance" (Family Ct Act § 340.1 [2]) but the court may adjourn the hearing "for good cause shown" for 30 days (Family Ct Act § 340.1 [3] [a], [b]). Successive motions to adjourn are not permitted "in the absence of a showing, on the record, of special circumstances" (Family Ct Act § 340.1 [5]).

After one adjournment for good cause, the presentment agency appeared, on the ninetieth day after the initial appearance, ready to commence the fact-finding hearing at approximately 5:10 P.M., less than one hour after the case was first called. The court, however, dismissed the petition upon a finding that because it was required to close the courtroom at 5:00 P.M. to avoid overtime payments, it was then technically the ninety-first day, and the presentment agency had not shown any "special circumstances" to warrant a further adjournment. We conclude that under these circumstances, the dismissal of the petition was an improvident exercise of discretion, particularly in view of the minimal delay presented (cf., *Matter of Frank C.*, 70 NY2d 408; *Matter of Russell M.*, 146 AD2d 629). Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.