In the Matter of NAKIA L., a Person Alleged to be a Juvenile Delinquent, Appellant.

First Department, April 9, 1992

### APPEARANCES OF COUNSEL

*Patricia Constantikes* of counsel *(Carol Goldstein* and *Michael Hefler* with her on the brief; *Kronish, Lieb, Weiner & Hellman* and *Lenore Gittis,* attorneys), for appellant.

*Elizabeth I. Freedman* of counsel *(Francis F. Caputo* with her on the brief; *O. Peter Sherwood, Corporation Counsel,* attorney), for presentment agency, respondent.

### OPINION OF THE COURT

CARRO, J. P.

On May 21, 1990, a juvenile delinquency petition was filed against the respondent in New York County Family Court alleging that he committed acts which, if committed by an adult, would constitute the crimes of attempted robbery in the first and second degrees, attempted assault in the second degree, and related offenses. On May 24, 1990, respondent was paroled to Alternative Training to Detention, and the case was adjourned to June 29, 1990. On that date the petitioner requested an adjournment because *Rosario* material was outstanding. The court continued respondent in parole status and adjourned the case to July 18.

On July 18, 1990, the 58th day after the respondent's initial appearance, an attorney from the Legal Aid Society requested and was granted an adjournment to August 8, 1990, because the respondent's Law Guardian was absent due to a medical condition. On August 8, 1990, the complaining witness, who was conversant only in Cantonese, did not appear in court, for reasons that do not appear in the record. The Assistant Corporation Counsel requested a short adjournment to determine why the complainant had not appeared, and the court granted a two-day adjournment to August 10, 1990, over objection by the respondent's Law Guardian, while noting that the complainant's absence did not constitute "good cause" for the adjournment.

On August 10, 1990, the 81st day after respondent's initial appearance, the fact-finding hearing was held. The complainant identified respondent as one of two people who pointed a

gun at her and her husband, demanded money, punched her husband, and struck her on the head with the gun. The court found that respondent had committed acts which, if committed by an adult, would constitute attempted robbery in the second degree and attempted assault in the third degree, and by order of disposition entered December 10, 1990 placed him with the New York State Division for Youth, Title III, for a period of 18 months.

The only issue raised on appeal is whether the two-day adjournment that the court granted on August 8, 1990 violated the respondent's right to a speedy fact-finding hearing. Family Court Act § 340.1 (2) provides that "[i]f the respondent is not in detention the fact-finding hearing shall commence not more that sixty days after the conclusion of the initial appearance except as provided in subdivision four." Family Court Act § 340.1 (4) (b) provides that if the respondent is not in detention the case may be adjourned for "not more than thirty days" on motion of the court or the parties "for good cause shown". Family Court Act § 340.1 (6) provides that "[s]uccessive motions to adjourn a fact-finding hearing shall not be granted in the absence of a showing, on the record, of special circumstances; such circumstances shall not include calendar congestion or the status of the court's docket or backlog."

Respondent argues that the adjournment sought by the petitioner on August 8, 1990, the 79th day after his initial appearance on May 21, 1990, was a "[s]uccessive" adjournment past the 60-day limitation of Family Court Act § 340.1 (2), based on the fact that the respondent had previously been granted an adjournment on July 18, 1990 because of his Law Guardian's medical condition. This argument is without merit for two reasons. First, while it might be arguable that two back-to-back adjournments of less than 30 days sought by the *same party* within the 60-to-90-day period are "[s]uccessive" within the meaning of Family Court Act § 340.1 (6), in this case the two-day adjournment granted to the petitioner on August 8, 1990 followed an adjournment that was granted to the respondent. The Family Court Judge noted in rejecting this argument by respondent below, "I don't think that you can mean the successive is one for you and one for the Corporation Counsel."

The second reason this argument is without merit is that a comprehensive view of section 340.1 reveals with reasonable clarity a legislative intention that "good cause" adjournments

may be granted within the 60-to-90-day period after the respondent's initial appearance, and that "[s]uccessive motions" requiring a showing of "special circumstances" are those made *after* 90 days have passed, which might include extended medical incapacity of a necessary witness, or absconding by the juvenile as in *Matter of Randy K.* (77 NY2d 398). Thus, "special circumstances" were not required to be shown for the single two-day adjournment sought by the petitioner presentment agency within the 60-to-90-day period.

Alternatively, the respondent argues that the failure of the complainant to appear did not constitute "good cause" for an adjournment under section 340.1 (4) (b). In evaluating this argument we recognize that the failure of a witness to appear on a scheduled court date is a relatively common occurrence, and one not ordinarily within the control of the party seeking to call that witness. Moreover, if the nonappearing witness had been one whom the *respondent* had expected to call as indispensable to the defense of the charges, it would be difficult to imagine the presentment agency arguing, or the Family Court ruling, that the fact-finding hearing should nevertheless proceed because there was not "good cause" for a two-day adjournment to try to locate the witness.

Whether a particular event or set of events constitutes good cause or special circumstances "is a matter that must be decided on a case-by-case basis, with due regard to the stated legislative goal of prompt adjudication." *(Matter of Frank C.,* 70 NY2d 408, 414.) The length of the delay is an important factor in making this determination *(Matter of Lawrence C.,* 152 AD2d 693). In this case, the two-day adjournment granted to the presentment agency within the 60-to-90-day period because of the absence of its principal witness, was requested for "good cause", i.e., not for a frivolous or inexcusable reason.

Accordingly, the final order of disposition of the Family Court, New York County (Ruth Jane Zuckerman, J.), entered December 10, 1990, adjudicating the respondent a juvenile delinquent, and placing him with the New York State Division for Youth, Title III, for a period of 18 months, should be affirmed, without costs.

MILONAS, ELLERIN and Ross, JJ., concur.

Final order of disposition of the Family Court, New York County, entered December 10, 1990, adjudicating the respondent a juvenile delinquent, and placing him with the New York State Division for Youth, Title III, for a period of 18 months, is affirmed, without costs.