■ In the Matter of ROBERT B., a Person Alleged to be a Juvenile Delinquent, Respondent. CORPORATION COUNSEL OF THE CITY OF NEW YORK, Appellant.—Order, Family Court, New York County (Leah R. Marks, J.), entered on or about March 22, 1991, which dismissed the juvenile delinquency petition against respondent on speedy trial grounds, unanimously reversed, on the law, without costs, and the petition is reinstated.

On December 5, 1990 the Corporation Counsel of the City of New York filed a petition in New York County Family Court charging the 15 year old respondent with the commission of acts which, if committed by an adult, would constitute the crimes of criminal possession of a weapon in the second and fourth degrees. The petition, supporting deposition and ballistics report related to the respondent's alleged possession of a .22 caliber automatic handgun. The respondent was paroled to Alternative Training to Detention.

After several adjournments for discovery and motions, the matter was adjourned on consent of the parties to March 22, 1991 at 3 P.M. for a *Huntley* hearing and fact-finding hearing, which date the parties had agreed would "be considered the

sixtieth (60th) day." The case was called on that date at about 3 P.M., and after a brief delay requested by the Assistant Corporation Counsel (A.C.C.), the *Huntley* hearing commenced.

After the presentment agency concluded its presentation of evidence in the *Huntley* hearing, the respondent's Law Guardian orally requested a continuance on the ground that she had just been informed that respondent's uncle was present when respondent made a statement to the police. The court granted that request. At that point the Law Guardian asked "for the record if the ballistics officer was here in court today and whether the people were ready for trial." When the A.C.C. responded that he had "sent notification to the officer to be on phone alert" but had not checked to see whether the officer was available to testify, the court reminded him that the prosecution was directed to be ready for trial that day, and ordered the A.C.C. to telephone the officer. After a brief recess the A.C.C. reported that the ballistics officer was not available to testify. Respondent's Law Guardian then withdrew her request for a continuance of the *Huntley* hearing and moved to dismiss the petition. The only excuse offered by the A.C.C. for his failure to ensure that the officer would be available was his belief that the *Huntley* hearing would consume the entire court session that day. The Family Court found that excuse insufficient, and summarily dismissed the petition.

Section 340.1 (2) of the Family Court Act provides that "[i]f the respondent is not in detention the fact-finding hearing shall commence not more than sixty days after the conclusion of the initial appearance except as provided in subdivision four." As here pertinent Family Court Act § 340.1 (4) provides that "[t]he court may adjourn a fact-finding hearing: (a) on its own motion or on motion of the presentment agency for good cause shown for not more than * * * thirty days if the respondent is not in detention."

Whether circumstances constitute good cause "is a matter that must be decided on a case-by-case basis, with due regard to the stated legislative goal of prompt adjudication." *(Matter of Frank C.,* 70 NY2d 408, 414.) In *Matter of Nakia L.* (179 AD2d 145, *lv granted* 80 NY2d 758), we found good cause for a two-day adjournment granted to the presentment agency when its complaining witness, who was conversant only in Cantonese, failed to appear at a fact-finding hearing through no apparent fault of the presentment agency, as the adjournment was "not for a frivolous or inexcusable reason." *(Supra,* at 148.) The instant case more closely resembles *Matter of Detrece H.* (164 AD2d 306, 308), where we found no good cause

established for a four-day delay that resulted when the Division for Youth failed to produce the respondent in court " 'because of staffing problems due to the summer months and special activities going on in [the] DFY facility.' " When a Family Court Judge directs that a fact-finding hearing will commence on a particular date within the 60-to-90-day period established by Family Court Act § 340.1, the presentment agency must take all reasonable measures to insure its readiness to proceed on that date. A unilateral decision by the representative of the agency not to take such measures would be inexcusable, and would not be deemed to constitute "good cause" for any adjournment thereby necessitated, whatever its length.

However, the presentment agency correctly points out the A.C.C. was not given the opportunity to timely commence the fact-finding hearing by calling one or both of the police officers who had just testified at the *Huntley* hearing, and therefore no adjournment was necessary or requested. The A.C.C. was interrupted in the middle of an argument and told to be quiet. The court then dismissed the petition on the erroneous premise that the fact-finding hearing "was not ready to proceed," and told the A.C.C. to "[s]tep out."

Section 340.1 of the Family Court Act provides time limits for the commencement of a fact-finding hearing, not its completion. There is no requirement in the statute that the presentment agency have every essential witness available to testify at the commencement of the hearing. It is clear that the hearing could have been timely commenced with the testimony of either of the arresting officers who saw the respondent in possession of the handgun, but the A.C.C. was prevented by the court from accomplishing this. Accordingly, dismissal of the petition on speedy trial grounds was improper. Concur—Carro, J. P., Ellerin, Kupferman, Kassal and Rubin, JJ.