■ In the Matter of MICHAEL M., a Person Alleged to be a Juvenile Delinquent, Appellant. [607 NYS2d 277] —Order of disposition, Family Court, New York County (Edward M. Kaufman, J.), entered February 8, 1993, which adjudicated appellant a juvenile delinquent upon a finding that he committed an act which if committed by an adult would constitute the crime of criminal mischief in the fourth degree, and conditionally discharged him on the condition that he cooperate with his placement with the Division for Youth ordered in a prior Bronx County Family Court case, unanimously affirmed, without costs.

Appellant's contention that his right to a speedy fact-finding hearing was violated when the court granted a seven-day adjournment is without merit. Family Court Act § 340.1 (4) (a) provides that the fact-finding hearing may be adjourned by the presentment agency or by the court, on its own motion, for up to 30 days beyond the 60-day period for "good cause shown." Here, on the fifty-ninth day after appellant's initial appearance, the presentment agency requested a four-day adjournment because it learned, just two days before, that its witness was on vacation. The hearing was ultimately ad-

journed a total of seven days; the extra three days added to accommodate the schedule of appellant's law guardian. The seven-day delay, which was minimal, was proper under the circumstances *(see, Matter of Levar A.,* 200 AD2d 443), and the court did not err in finding that the presentment agency established good cause for the adjournment *(see, Matter of Bryant J.,* 195 AD2d 463).

Appellant also claims that the evidence at the fact-finding hearing failed to prove that he committed criminal mischief in the fourth degree because the element of "damage to property" was not established. While damage to property must be proven in order to sustain a conviction for criminal mischief in the fourth degree (Penal Law § 145.00 [1]), it is not necessary to prove any dollar value of damage *(People v Misevis,* 155 AD2d 729, 731, *affd* 76 NY2d 777). Review of the record indicates that there was proof beyond a reasonable doubt that the appellant had committed an act which, if done by an adult, would have constituted the crime of criminal mischief in the fourth degree inasmuch as the testimony by the officer that he observed appellant "carving—slicing the end—the arm off a subway bench with a razor knife" necessarily proved that appellant was engaged in damaging the bench by cutting into it. Concur—Carro, J. P., Ellerin, Rubin, Nardelli and Tom, JJ.