■ In the Matter of JAMAR B., a Person Alleged to be a Juvenile Delinquent, Appellant. [632 NYS2d 967] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Schindler, J.), dated August 17, 1993, which, upon a fact-finding determination of the same court dated July 19, 1993, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree and grand larceny in the fourth degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period of 18 months. The appeal brings up for review the fact-finding determination dated July 19, 1993.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court's actions in commencing the fact-finding hearing and subsequently granting a motion for a continuance did not deprive him of his right to a speedy hearing, inasmuch as the hearing was commenced within the statutory time limit of Family Court Act § 340.1 (1) *(see, Matter of Robert B.,* 187 AD2d 347; *Matter of Raymond B.,* 160 AD2d 936; *Matter of Jeffrey V.,* 185 AD2d 240, *affd* 82 NY2d 121).

Viewing the evidence in the light most favorable to the presentment agency *(see, People v Contes,* 60 NY2d 620; *Matter of Stafford B.,* 187 AD2d 649), we find that it was legally sufficient to support the fact-finding order since it overwhelmingly established the appellant's knowing participation in the incident *(see, e.g., Matter of Andre L.,* 207 AD2d 348; *Matter of Karriem E.,* 206 AD2d 476; *People v Taylor,* 203 AD2d 77; *People v Moses,* 162 AD2d 311; *People v Crutchfield,* 149 AD2d 857). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact *(see, People v Gaimari,* 176 NY 84, 94; *Matter of Stafford B., supra).* Its determination is accorded great deference on appeal and will not be disturbed unless clearly unsupported by the record *(see, Matter of Jermaine T.,* 150 AD2d 702). Upon the exercise of our factual review power, we are satisfied that the Family Court's determi-

nation was not against the weight of the evidence *(cf.,* CPL 470.15 [5]).

Finally, we agree with the presentment agency that any error committed during the cross-examination of the appellant was harmless given the overwhelming evidence against him *(see, People v Crimmins,* 36 NY2d 230; *People v Castillo,* 215 AD2d 574). Sullivan, J. P., Miller, Copertino and Goldstein, JJ., concur.