[644 NYS2d 163]

In the Matter of ANTHONY H., a Person Alleged to be a Juvenile Delinquent, Respondent.

In the Matter of SHAWN M., a Person Alleged to be a Juvenile Delinquent, Respondent.

In the Matter of CURTIS S., a Person Alleged to be a Juvenile Delinquent, Respondent.

First Department, June 4, 1996

APPEARANCES OF COUNSEL

*Elizabeth I. Freedman* of counsel *(Francis F. Caputo* on the brief; *Paul A. Crotty, Corporation Counsel* of New York City, attorney), for petitioner-appellant.

*Diane Pazar* of counsel *(Jane M. Spinak,* attorney), for Anthony H., respondent.

*Michael G. Paul* for Shawn M., respondent.

*Kevin J. Hellman* of counsel *(Roxanna M. Gutierrez,* attorney), for Curtis S., respondent.

## OPINION OF THE COURT

Ross, J.

On these appeals from three orders of Family Court, New York County, dismissing the petitions in the above-captioned juvenile delinquency proceedings on speedy trial grounds, the only issue presented is whether the court properly denied the

presentment agency's requests for 30-day adjournments pursuant to Family Court Act § 340.1 (4) (a) and (5). For the reasons that follow we find that the Family Court's refusal to grant the adjournment requests in each case constituted an abuse of discretion and that the dismissal of the petitions was improper.

Pursuant to juvenile delinquency petitions filed January 6, 1995, respondents were each charged with acts which, if committed by adults, would constitute two counts of attempted robbery in the second degree, criminal possession of a weapon in the fourth degree, menacing in the second degree and unlawful possession of weapons by a person under the age of 16. The charges arose out of the respondents' attempted robbery at a grocery store located at 2534 Eighth Avenue in New York County on December 25, 1994. In a sworn statement annexed to each of the petitions, the complainant, Abdo Sido, stated that the three juvenile respondents entered his grocery store at approximately 9:33 P.M. on Christmas Day 1994. Immediately after entering the store, two of the respondents stood in front of him while the third lifted up his shirt, displayed an air gun, which the complainant stated appeared to him to be a real weapon, and stated "hurry up and give me the money". When one of the three attempted to get around the counter, behind which Mr. Sido was standing, in order to get to the cash register, Mr Sido set off an alarm and the three respondents fled.

After service of the petitions on the respondents on January 6, 1995 and the entry of denials in response, respondents were paroled into the custody of their parents. On February 22, 1995, after pretrial motion practice and dismissal of some of the counts charged in the petitions, a suppression hearing was scheduled for March 6, 1995, which was the 59th day following the filing of the petitions. On March 6, 1995, the parties appeared and the Law Guardian for respondent Anthony H. stated to the court that the complainant's employer had told her that Mr. Sido and his nephew, who was also a witness to the crime, had left the country three weeks before. According to the Law Guardian, the employer stated that he did not know when Sido would return, and added that Sido had family in Yemen and often spent several months there in a small village which had no telephones. Based upon those facts, the Law Guardian moved to dismiss the petitions pursuant to Family Court Act § 304.1 (2) on speedy trial grounds, due to the fact that the presentment agency could not proceed to the fact finding at that time or for the foreseeable future.

The Assistant Corporation Counsel (ACC) representing the presentment agency conceded that the complainant and his nephew had gone to Yemen because of the death of the complainant's mother but stated that the presentment agency was prepared to complete all pretrial suppression hearings and to commence the fact-finding hearing with the testimony of the officer who recovered the gun from the scene. The ACC stated that the complainant's employer informed her that he expected the complainant to return to work at the store in approximately two months. The court suggested that the presentment agency withdraw the petitions, with leave to restore the cases within three months in the event the complainant returned. However, the presentment agency argued that such an arrangement might give rise to speedy trial concerns and requested a 30-day adjournment for good cause pursuant to Family Court Act § 340.1 (4) (a). After further discussion, the court agreed that the death of the complainant's mother constituted good cause for an adjournment but denied the request for a 30-day adjournment and instead adjourned the matter for 10 days until March 17, 1995.

On March 17, 1995 the presentment agency informed the court that the complainant had still not returned from Yemen and renewed its offer to commence the fact-finding hearing. In the alternative, the ACC requested an adjournment based upon a finding of special circumstances pursuant to Family Court Act § 340.1 (6). In addition, a police officer, who had spoken to the complainant's employer at 8:00 A.M. prior to coming to court, stated that the employer expected Mr. Sido to return within two months. The Law Guardian stated that she spoke with the same man the prior evening and he stated then that he did not know when Mr. Sido would be returning. The Law Guardian again moved to dismiss the petitions on speedy trial grounds arguing that it was unclear whether or not a fact-finding hearing could ever be held in this case. The court agreed and dismissed the petitions without further consideration of the presentment agency's grounds for further adjournments.

Family Court Act § 340.1 both provides the specific time limitations within which the fact-finding hearing must commence once a juvenile delinquency petition is filed and sets forth the acceptable grounds and time periods for adjournments. As applicable herein, Family Court Act § 340.1 (2) provides that "[i]f the respondent is not in detention the fact-finding hearing shall commence not more than sixty days after the conclusion

of the initial appearance except as provided in subdivision four". Subdivision (4) (a) of Family Court Act § 340.1 provides that the court may adjourn a fact-finding hearing "on its own motion or on motion of the presentment agency for good cause shown for not more than * * * thirty days if the respondent is not in detention" (*Matter of Nakia L.*, 81 NY2d 898, 901; *Matter of Randy K.*, 77 NY2d 398, 402; *Matter of Robert B.*, 187 AD2d 347, 348). Subdivision (6) of Family Court Act § 340.1 provides that "[s]uccessive motions to adjourn a fact-finding hearing shall not be granted in the absence of a showing, on the record, of special circumstances" (*see, Matter of Nakia L., supra,* at 900-901).

In contrast to Family Court Act § 310.2, which provides generally that a respondent is entitled to a speedy fact-finding hearing and is analogous to the general speedy trial provision applicable to adult prosecutions (*see,* CPL 30.20), section 340.1 is recognized as a " 'true "speedy trial" provision' " with no Criminal Procedure Law analogue (*Matter of Randy K.*, 77 NY2d 398, 402, *supra).* With respect to section 340.1, it has been stated that both its language and its underlying purpose are directed toward bringing the accused juvenile to trial within a specified period except for adjournments, for good cause shown or special circumstances (*Matter of Randy K., supra; Matter of Frank C.,* 70 NY2d 408, 412-413). While it has been stated that the statute's specific and mandatory language, precise deadlines and clear legislative history require strict compliance to effectuate the legislative goal of prompt adjudication and to ensure consistency in the statute's application, this does not suggest that section 340.1 automatically requires dismissal in all cases in which the 60-day deadline cannot be met (*Matter of Frank C., supra,* at 414). Indeed, the Court of Appeals has recognized that "the Legislature built a degree of flexibility into the statute by providing for adjournments in the event of 'good cause shown' or 'special circumstances' " and that "whether a particular event or set of events constitutes 'good cause' or 'special circumstances' * * * is a matter that must be decided on a case-by-case basis, with due regard to the stated legislative goal of prompt adjudication" (*supra,* at 414).

In the case at bar, the hearing court certainly had better available options other than the suggested withdrawal of the petitions with leave to restore or the brief 10-day adjournment and the subsequent dismissal of the petitions. The court could have accepted the presentment agency's offer to conduct the

suppression hearing and timely commence the fact-finding hearing with the testimony of the available witness and then could have granted a continuance to allow the complainant and his nephew a reasonable opportunity to return. In *Matter of Robert B.* (187 AD2d 347, *supra),* this Court held that the Family Court erroneously dismissed the petition for lack of readiness on the part of the presentment agency, based upon the absence of a police officer witness, where the hearing could have been timely commenced with the testimony of other witnesses who were available. It was stated therein, that "[s]ection 340.1 of the Family Court Act provides time limits for the commencement of a fact-finding hearing, not its completion. There is no requirement in the statute that the presentment agency have every essential witness available to testify at the commencement of the hearing" (*supra,* at 349).

We recognize, however, that such continuances are usually granted for brief time periods (*see, Matter of La Tia L.,* 213 AD2d 548; *and see, Matter of Michael M.,* 201 AD2d 288), and that the continuance in *Matter of Robert B. (supra)* would have been for a similarly brief period. Since in the case at bar the available information was that the complainant and his nephew would not be returning from Yemen for about two months the better course would have been for the Family Court to have granted an initial adjournment for 30 days based upon its finding of good cause and, at the expiration of that period, to then consider whether a successive 30-day adjournment for special circumstances was warranted. There is no question that the Family Court agreed with the presentment agency, and found that the death of complainant's mother constituted good cause. Furthermore, such a finding was clearly warranted under the circumstances. In *Matter of Jamell H.* (219 AD2d 531), we found the unanticipated and unavoidable confusion in the notification of the presentment agency's police witness to constitute good cause and in *Matter of Michael M.* (201 AD2d 288, 288-289, *supra)* an adjournment due to the recently learned fact that the presentment agency's witness was on vacation was found to have been supported by good cause. In fact, good-cause adjournments are routinely granted for lesser reasons than those put forth in this case (*Matter of James T.,* 220 AD2d 352; *Matter of Bryant J.,* 195 AD2d 463; *and see, Matter of Satori R.,* 202 AD2d 432; *Matter of Leyton W.,* 206 AD2d 538). Under the circumstance herein, the minimal 10-day adjournment granted after a clear showing of good cause was an improvident exercise of the court's discretion.

The presentment agency was properly concerned that accepting the Family Court's suggestion to withdraw the petitions with leave to restore the matters in three months might itself give rise to a speedy trial problem. In *Matter of Robert O.* (87 NY2d 9), the petition was dismissed for failure to hold the respondent's initial appearance within 10 days of the date of the petition as required by Family Court Act § 320.2 (1). An identical petition was filed seven days after the dismissal and respondent's initial appearance was timely held. However, the respondent moved to dismiss the second petition on the ground that his right to a speedy fact-finding hearing was violated. That motion was denied with the Family Court holding that the respondent's right to a speedy fact-finding hearing was not compromised by allowing the refiling of the petition. The majority at the Appellate Division affirmed and concluded that the presentment agency was not precluded from refiling a delinquency petition after the first was dismissed for failure to hold the initial appearance within 10 days of such filing, where the juvenile's separate right to a speedy hearing was observed. (207 AD2d 783.) The Court of Appeals affirmed and stated that so long as the adjudication takes place within 60 days, unless good-cause or special-circumstances adjournments are in order, a respondent's right to a speedy fact-finding has been preserved. The Court specifically noted therein that "[f]rom start to finish, respondent's adjudication was completed within 60 days of his appearance on the original petition" (*supra*, at 14).

The Court in *Robert O.* did not specifically address the situation in which the petition is withdrawn and the Family Court grants leave to restore a case at a time beyond the 60-day limit where no good-cause or special-circumstances findings are made on the record. However, it is implicit in the Court's ruling in *Matter of Robert O. (supra)* that the 60-day limit governs except where the appropriate findings of good cause and/or special circumstances are made. Therefore, while the Family Court is vested with a certain amount of discretion in determining whether good cause or special circumstances exist, given the legislative goal of prompt adjudication and the strict requirements that the court's findings upon granting adjournments allowed by the statute be stated on the record, the Family Court's authority to grant leave to restore a proceeding beyond the 60-day limit without making any findings is tenuous at best. Clearly, the proper method is for the court, in each case, to follow the statute and make the appropriate findings on the record when each adjournment is granted. The course

of action proposed by the fact-finding court in this case, in addition to being apparently beyond its authority, had the potential to result in a longer delay of the proceedings against these juveniles than the requested adjournments would have. Moreover, such action would not have allowed the court to monitor the matters at 30-day intervals and, if circumstances warranted, to dismiss the petitions sooner rather than later.

Finally, it is clear that the death of the complainant's mother in a foreign country, requiring his presence there, constitutes special circumstances warranting a 30-day successive adjournment pursuant to Family Court Act § 340.1 (6) (*cf., Matter of Jamar A.*, 86 NY2d 387). The circumstance was clearly not one which the presentment agency could have anticipated or planned for, and despite the fact that the Law Guardian presented a different estimate from the complainant's employer as to complainant's expected return date, there was no indication that the agency had failed to use diligent efforts to obtain the witness's presence.

Accordingly, the orders of the Family Court, New York County (Sara Schechter, J.), entered on March 17, 1995, which dismissed juvenile delinquency petitions in the above-captioned actions, are unanimously reversed, on the law and the facts, and in the exercise of discretion, without costs, the petitions are reinstated and the matters are remanded for further proceedings.

SULLIVAN, J. P., ELLERIN, NARDELLI and WILLIAMS, JJ., concur.

Orders, Family Court, New York County, entered March 17, 1995, which dismissed juvenile delinquency petitions, reversed, on the law, the facts and in the exercise of discretion, without costs, the petitions reinstated and the matters remanded for further proceedings.