■ In the Matter of MALIK Y., a Person Alleged to be a Juvenile Delinquent, Appellant. [647 NYS2d 859] —In a juvenile de-

linquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Freeman, J.), dated September 15, 1995, which, upon a fact-finding order of the same court, dated September 6, 1995, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree and attempted assault in the third degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period of 18 months. The appeal brings up for review the fact-finding order dated September 6, 1995.

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, the petition is dismissed, and the appellant's record is sealed pursuant to Family Court Act § 375.1.

The appellant contends that the petition should be dismissed because he was deprived of his right to a speedy fact-finding hearing when the matter was adjourned on July 25, 1995. The fact-finding hearing had been scheduled to commence on that date. However, late in the afternoon of July 24, 1995, the appellant served a motion upon the presentment agency in which he sought a *Wade* hearing. In court on July 25, the presentment agency consented to a *Wade* hearing but requested an adjournment. The Family Court granted an adjournment until August 1 over the appellant's objection on the ground that it was "impossible" for the agency to produce the necessary witnesses for a *Wade* hearing on such short notice.

We agree with the appellant that the fact-finding hearing was delayed beyond the time limits set forth in Family Court Act § 340.1 because no "good cause" was shown for the adjournment on July 25. Accordingly, the petition should be dismissed (*see, Matter of Randy K.,* 77 NY2d 398; *Matter of Frank C.,* 70 NY2d 408; Family Ct Act § 340.1 [4] [a]). The record reveals that the arresting officer who ultimately testified as to *Wade* issues was present in court on July 25. Since the agency had a witness available, the court should have commenced the hearing, even if it could not have been completed on that date. Family Court Act § 340.1 sets time limits for the commencement of a fact-finding hearing, not for its completion (*see, Matter of Anthony H.,* 219 AD2d 436; *Matter of Robert B.,* 187 AD2d 347).

In light of our determination that the adjournment on July 25, 1995, deprived the appellant of a speedy fact-finding hearing, we need not reach his remaining contention that there were no "special circumstances" which warranted the further

adjournment of the fact-finding hearing on August 10, 1995. In any event, the record reveals that the court erred in adjourning the hearing on that date due to its busy calendar (*see,* Family Ct Act § 340.1 [6]). O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.