█ In the Matter of SHARNELL J., a Person Alleged to be a Juvenile Delinquent, Appellant. [653 NYS2d 703] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Greenbaum, J.), dated July 5, 1995, which, upon a fact-finding order of the same court dated June 12, 1995, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of criminal sale of marihuana in the fourth degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period of 12 months in a limited secure setting.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, he was not denied his right to a speedy fact-finding hearing under Family Court Act § 340.1. The appellant initially appeared on May 12, 1995, when he was involuntarily returned on a warrant (see, Family Ct Act § 320.2). He concedes that the period from May 12, 1995, through May 26, 1995, is excludable. During that time a probable cause hearing was held (see, Family Ct Act § 325.1), and the appellant's requested adjournment was granted. The fact-finding hearing then commenced on May 26, 1995. After commencement, the presentment agency was granted two continuances to secure evidence and witnesses, but these post-commencement continuances do not implicate the appellant's rights under Family Court Act § 340.1. Family Court Act § 340.1 sets time limits only for the commencement of a fact-finding hearing, not for its completion (Matter of Malik Y., 231 AD2d 731), and as the appellant concedes, the fact-finding hearing was timely commenced. There is no statutory requirement that the presentment agency have every essential witness available to testify at the commencement of the hearing (Matter of Anthony H., 219 AD2d 436; Matter of Robert B., 187 AD2d 347). The court did not improvidently exercise its discretion in granting brief continuances to the presentment agency, which delayed the conclusion of the hearing only until June

12, 1995 (*see, Matter of Bryant J.*, 195 AD2d 463), nor were the appellant's rights under Family Court Act § 340.1 violated thereby (*see, Matter of Jamar B.*, 220 AD2d 661).

The appellant's remaining contentions are without merit. Miller, J. P., Sullivan, Florio and Luciano, JJ., concur.