■ In the Matter of DAVID G., a Person Alleged to be a Juvenile Delinquent, Respondent. [673 NYS2d 59] —Order, Family Court, New York County (Rhoda Cohen, J.), entered on or about December 16, 1996, which dismissed the petition on speedy trial grounds, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, the petition reinstated and the matter remanded to Family Court for further proceedings. Appeal from order, same court and Judge, entered on or about January 28, 1997, which denied the presentment agency's motion to reinstate the petition, unanimously dismissed, without costs, as academic in light of the foregoing.

A juvenile delinquency petition was filed against the then 15-year-old respondent on October 15, 1996, charging him with committing acts which, if committed by an adult, would constitute the crimes of attempted robbery in the first, second and third degrees, attempted grand larceny in the fourth degree, criminal possession of a weapon in the fourth degree, menacing in the second and third degrees, and attempted petit larceny, based upon allegations that, while acting in concert with another juvenile, Dennis B., he attempted to rob a street vendor selling watches, at knifepoint, and threatened to kill the vendor after he resisted them.

At his initial appearance on October 15, 1996, respondent denied the charges and was paroled to the custody of his grandmother. The presentment agency, respondent's Law Guardian and Dennis B.'s attorney agreed to a trial date of December 3, 1996. On that date, the presentment agency was not ready to go forward because the District Attorney had not

yet produced the related Grand Jury minutes and respondent sought personal information about the complaining witness. Thereafter, the court directed the agency to produce the complainant for questioning by respondent's Law Guardian and, with the express consent of both respondent and Dennis B., the court set the trial date for December 16, 1996. In doing so, the court specifically noted that the sixtieth day after respondent's initial court appearance fell on Saturday the 14th, and the court "cannot try the case on a Saturday."

On December 16, 1996, when the court called respondent's case at 11:10 A.M., neither the Assistant Corporation Counsel, the complaining witness nor Dennis B. and his Law Guardian were in court. When the court asked respondent's Law Guardian if she had seen the complainant, she replied that she had not and then moved to dismiss the petition on speedy trial grounds, informing the court that the complainant was not there; that she had not received any complaint report; and, that she did not believe that the Assistant Corporation Counsel was ready for trial. The court granted the motion, without prejudice, based upon counsel's representation that there was no complainant present.

While the complainant was not present at the time of the dismissal, it appears that respondent's Law Guardian had been advised earlier that morning by the Assistant Corporation Counsel that the complainant would arrive before noon; that the court scheduled the trial of Dennis B. to begin at 2:30 P.M. that day to allow the complainant to arrive in court; that the complainant in fact arrived at 12:20 P.M.; and, that the presentment agency was ready to proceed at 11:30 A.M., only ten minutes after the court had dismissed the petition, and, in fact, did proceed against Dennis B., who ultimately pleaded guilty to the charges.

While recognizing, as we did in *Matter of Saul H.* (234 AD2d 223, 224), the frustration of Family Court Judges in dealing with tardy prosecution witnesses, given the foregoing circumstances, it was an improvident exercise of the court's discretion to dismiss the case. Concur—Wallach, J. P., Rubin, Tom and Andrias, JJ.