■ In the Matter of STEPHEN H., a Person Alleged to be a Juvenile Delinquent, Respondent. [676 NYS2d 187] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Queens County (Freeman, J.), dated June 10, 1997, which dismissed the petition.

Ordered that the order is reversed, without costs or disbursements, and the petition is reinstated.

The respondent initially appeared in this matter on April 3, 1997, and, pursuant to Family Court Act § 340.1 (2), the fact-finding hearing had to be commenced by June 2, 1997. On May 13, 1997, the respondent consented to an adjournment of the fact-finding hearing until June 10, 1997, and waived a speedy-hearing claim through that date. On June 10, 1997, the presentment agency did not have a witness available in court until 2:30 P.M. The record does not reveal whether the case was called prior to 4:45 P.M. At that time, however, the Family Court inquired as to when the agency's witness had arrived in court and dismissed the petition on the ground that the respondent was denied a speedy fact-finding hearing. We conclude that this was error.

Family Court Act § 340.1 sets time limits for the commencement of a fact-finding hearing, not for its completion, and there is no requirement that the agency have all of its witnesses available to testify at the commencement of the hearing (see, Matter of Delila M., 238 AD2d 342; Matter of Sharnell J., 237 AD2d 290; Matter of Malik Y., 231 AD2d 731). Despite the lateness of the hour, the agency was ready to proceed and the Family Court could have commenced the hearing with the testimony of the undercover police officer who was available in court. Under the circumstances, dismissal of the petition was an improvident exercise of discretion (see, Matter of Lawrence C., 152 AD2d 693).

We decline to consider the respondent's contention that the adjournment granted on May 13, 1997, was not based on good cause as this argument is being made for the first time on appeal and might have been countered by the agency if raised in the Family Court (see, Sega v State of New York, 60 NY2d 183, 190, n 2; cf., Matter of Satori R., 202 AD2d 432). Rosenblatt, J. P., O'Brien, Ritter and Krausman, JJ., concur.