In the Matter of IOLA C., Respondent. PRESENTMENT AGENCY, Appellant. [692 NYS2d 418] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Kings County (Porzio, J.), dated January 20, 1998, which dismissed the petition.

Ordered that the order is reversed, without costs or disbursements, and the petition is reinstated.

The respondent and a correspondent (Latoya McD.) initially appeared in this matter on November 20, 1997. Pursuant to statute, absent certain permissible adjournments, the respondents' fact-finding hearing was to be commenced by January 19, 1998 (Family Ct Act § 340.1 [2], [4]).

However, at a court appearance on January 9, 1998, all parties agreed to adjourn the matter to January 20, 1998, with both Law Guardians stipulating that this day would "be the 60th day" and waiving any claims based on the denial of a speedy fact-finding hearing through that date (see, Family Ct Act §§ 310.2, 340.1 [2]).

As a result of a miscommunication between the Assistant Corporation Counsel (hereinafter ACC) and the minor complainant's family, the complainant did not appear in court on the morning of January 20, 1998, when the trial was scheduled to begin. However, it appears from the record that the complainant would have appeared in court shortly after noon of that same day.

Nevertheless, at approximately 11:55 A.M., since the complainant had not yet appeared, the petitions against both respondents were dismissed on the ground that they had been denied speedy fact-finding hearings (see, Family Ct Act §§ 310.2, 340.1 [2]).

Given that the ACC only sought an adjournment until the afternoon of January 20, 1998, which was still within the 60-day statutory period, the court's denial of this brief adjournment and dismissal of the petitions was an improvident exercise of discretion (see, Matter of James T., 220 AD2d 352; Matter of Bryant J., 195 AD2d 463, 464). Even if the ACC had been required to demonstrate good cause for the adjournment,

under these circumstances, we find that good cause was established (*cf., Matter of Leonard G.,* 209 AD2d 263, 264-265; *Matter of Michael M.,* 201 AD2d 288).

Accordingly, we reinstate the petition against the respondent Iola C. Santucci, J. P., Luciano, Schmidt and Smith, JJ., concur.