■ In the Matter of GEORGE T., a Person Alleged to be a Juvenile Delinquent, Appellant. [736 NYS2d 673] —Order of disposition, Family Court, Bronx County (Harold Lynch, J.), entered September 28, 2001, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he had committed an act which, if committed by an adult, would constitute the crime of criminal possession of marijuana in the fifth

degree, and placed him in the custody of the New York State Office of Children and Family Services for up to one year, unanimously affirmed, without costs.

Appellant's claim that his right to a speedy fact-finding hearing was violated as a result of delay prior to the commencement of the hearing was rejected by this Court on a prior appeal in this case (*People ex rel. Solomon v Fitzpatrick*, 288 AD2d 106). Insofar as appellant challenges delays that occurred after the commencement of the hearing, "[a]ny adjournment granted after commencement did not implicate the appellant's right to a speedy fact-finding hearing." (*Matter of Ango H.*, 286 AD2d 500, 501, citing *Matter of Sharnell J.*, 237 AD2d 290.) The plain language of Family Court Act § 340.1 addresses the commencement, and not the completion, of fact-finding hearings, and the granting of continuances after a proceeding has begun is addressed to the court's sound discretion (*see, Matter of Eric W.*, 68 NY2d 633, 636; *People v Foy*, 32 NY2d 473, 476), which was properly exercised in this case. However, we take a dim view of the court's taking of evidence for only a short period of time, especially when dealing with a juvenile who is incarcerated. We are aware of the huge number of cases in Family Court and appreciate the difficulties attendant thereto but find there is no excuse for the taking of testimony for five minutes or half an hour at a time and then continuously adjourning the case. Concur—Williams, J.P., Ellerin, Lerner, Rubin and Marlow, JJ.