■ In the Matter of TENIQUA Y., a Child Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. [751 NYS2d 33] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Kings County (Hepner, J.), dated October 12, 2001, which dismissed the petition.

Ordered that the order is reversed, on the law and the facts and in the exercise of discretion, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings.

The respondent, together with her two sisters, who are involved in similar proceedings arising out of the same incident which is the basis of this matter (*see Matter of Ebony Y.,* 299 AD2d 489 [decided herewith], and *Matter of Deniqua Y.,* 299 AD2d 489 [decided herewith]), initially appeared in the Family Court in this matter on May 25, 2001. The Family Court adjourned all three proceedings until June 25, 2001. On that date, the respondent and her sisters consented to an adjournment until August 14, 2001. On August 14, 2001, the court adjourned all three matters to October 12, 2001, for a fact-finding hearing at 9:30 A.M., finding "good cause" for the adjournment. The respondent and her sisters waived any claims based on the denial of a speedy fact-finding hearing through that date (*see* Family Ct Act § 340.1 [2]).

On October 12, 2001, the scheduled date of the fact-finding hearing, the three proceedings were called at approximately 10:00 A.M. Only the attorney for the presentment agency and this respondent's Law Guardian were present in the courtroom. Neither the complainants, nor this respondent, her sisters, or their Law Guardians were present in the courtroom.

This respondent's Law Guardian then moved to dismiss the petition on speedy trial grounds, citing the absence of the complainants in the courthouse. The attorney for the presentment agency asked that a bench warrant be issued because the respondent was not present. She informed the court that the complainants telephoned her at 8:47 A.M. and 8:58 A.M., indicating that they were on their way to court, and that she was unable to reach them by cell phone to ascertain their whereabouts.

While this colloquy was ongoing, the Law Guardian for one of the other sisters, Ebony Y., arrived in court. After admitting that he did not know his client's whereabouts, he joined in the motion to dismiss the proceedings on speedy trial grounds.

After an informal off-the-record discussion was held, the attorney for the presentment agency informed the court that the complainants were not in Room 302 in the Family Court, Kings

County. Upon receiving that information, the court dismissed all three proceedings "for speedy trial violations." The orders of disposition dismissed the petitions "without prejudice" and made no mention of the alleged speedy trial violation.

Under the circumstances of this case, there was no violation of the respondent's right to a speedy trial. Any delay in the commencement of the hearing was de minimis, and would have been obviated by merely putting the case over and recalling it later that day, after both the complainants and this respondent and her sisters had an opportunity to arrive. Accordingly, it was error to dismiss the proceeding on that basis (*see Matter of Iola C.*, 262 AD2d 558; *see also Matter of David G.*, 249 AD2d 50, 51; *Matter of Stephen H.*, 251 AD2d 664, 665; *Matter of Lawrence C.*, 152 AD2d 693, 694). Florio, J.P., Krausman, Townes and Crane, JJ., concur.