lic Administrator pursuant to SCPA 711 (*see generally Matter of Farber,* 98 AD2d 720; *Matter of Marsh,* 179 AD2d 578, 580-581).

Contrary to the petitioner's contention, SCPA 719 (9) did not require the Surrogate's Court to appoint her as administrator of her father's estate merely because she has attained her majority and returned to the United States from the Dominican Republic. Instead, the Surrogate's Court properly exercised its discretion in refusing to remove the Public Administrator after she was vested with the powers of a fiduciary for approximately three years, commenced and pursued the wrongful death action, and no grounds were established requiring her removal (*see* SCPA 711, 1121). Santucci, J.P., Feuerstein, O'Brien and Luciano, JJ., concur.

■ In the Matter of DENIQUA Y., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. [749 NYS2d 891] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Kings County (Hepner, J.), dated October 12, 2001, which dismissed the petition.

Ordered that the order is reversed, on the law and the facts and in the exercise of discretion, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings.

For the reasons stated in our determination of the companion appeal, the Family Court improperly dismissed the petition against Deniqua Y. (*see Matter of Teniqua Y.,* 299 AD2d 490 [decided herewith]). Florio, J.P., Krausman, Townes and Crane, JJ., concur.

■ In the Matter of EBONY Y., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. [749 NYS2d 892] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Kings County (Hepner, J.), dated October 12, 2001, which dismissed the petition.

Ordered that the order is reversed, on the law and the facts and in the exercise of discretion, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings.

For the reasons stated in our determination of the companion appeal, the Family Court improperly dismissed the petition against Ebony Y. (*see Matter of Teniqua Y.,* 299 AD2d 490 [decided herewith]). Florio, J.P., Krausman, Townes and Crane, JJ., concur.