In the Matter of RONALD T., a Person Alleged to be a Juvenile Delinquent, Appellant. [807 NYS2d 601]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Turbow, J.), dated April 12, 2004, which, upon a fact-finding order of the same court dated February 5, 2004, made after a hearing, finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of attempted grand larceny in the fourth degree, adjudged him to be a juvenile delinquent and placed him with the New York State Office of Children and Family Services for a period of 12 months. The appeal brings up for review the fact-finding order dated February 5, 2004.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Jerrol H.*, 19 AD3d 693 [2005]); and it is further,

Ordered that the order of disposition is reversed insofar as reviewed, on the law, without costs or disbursements, the petition is dismissed, and the appellant's record is sealed pursuant to Family Court Act § 375.1.

The appellant initially appeared in Family Court on October 31, 2003. Pursuant to Family Court Act § 340.1 (2), the fact-finding hearing had to commence within 60 days of the initial appearance. On November 24, 2003, the complainant failed to appear to testify, and was not expected to return to court until sometime in January 2004. The Family Court adjourned the matter to December 5, 2003, to resolve a question of law. On December 5, 2003, the Family Court determined that the 11-day period running from November 24, 2003 to December 5, 2003, should be excluded from the 60-day period in which to commence a fact-finding hearing, and adjourned the matter to January 8, 2004. The hearing commenced on January 9, 2004.

Contrary to the Family Court's determination, the 60-day period in which to commence the hearing ended on December 31, 2003. The Family Court should not have tolled the 60-day period, as the appellant did not waive any speedy trial objections during the period from November 24, 2003 to December 5, 2003 (*cf. Matter of Curnelle T.*, 17 AD3d 472 [2005]).

Since the 60-day period ended on December 31, 2003, the presentment agency was required to demonstrate "good cause" for an adjournment beyond that date (Family Ct Act § 340.1 [4] [b]). We agree with the appellant that the presentment agency failed to demonstrate such "good cause" for the adjournment on December 5, 2003 because the presentment agency had another witness available. "Family Court Act § 340.1 sets time limits for the commencement of a fact-finding hearing, not for its completion" (*Matter of Malik Y.*, 231 AD2d 731, 732 [1996]). Accordingly, the petition should have been dismissed (*see Matter of Andre P.*, 11 AD3d 617, 618 [2004]).

In light of our determination, we need not reach the appellant's remaining contention. Adams, J.P., S. Miller, Ritter and Lifson, JJ., concur.