■ In the Matter of SHELDON M., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. (Proceeding No. 1.) In the Matter of SHONI W., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. (Proceeding No. 2.) [853 NYS2d 139]—

In two juvenile delinquency proceedings pursuant to Family Court Act article 3, the Presentment Agency appeals from (1) an order of the Family Court, Kings County (McLeod, J.), dated February 13, 2007, which, upon a decision of the same court also dated February 13, 2007, dismissed the petition in proceeding No. 1, and (2) an order of the same court dated February 13, 2007, which, upon the decision dated February 13, 2007, dismissed the petition in proceeding No. 2.

Ordered that the orders are reversed, on the law and the facts, without costs or disbursements, and the petitions are reinstated.

The Presentment Agency filed juvenile delinquency petitions against Sheldon M. on September 15, 2006 and against Shoni W. on October 30, 2006, alleging that they had committed acts which, if committed by an adult, would constitute robbery in the second and third degrees, grand larceny in the fourth degree, petit larceny, criminal possession of stolen property in the fifth degree, and menacing in the third degree. The affidavit of the complainant, attached to the petitions, alleged that he had been attacked, punched in the chest, and robbed by the two respondents and some unidentified others.

After several adjournments, on December 21, 2006, the Pre-

sentment Agency, the complainant, both Law Guardians, and Sheldon M., were present in Family Court, but Shoni W. failed to appear. The parties agreed to adjourn the matter to February 13, 2007, at 10:00 A.M. Contrary to Shoni W.'s contention, the record demonstrates that any claims based on the denial of a speedy fact-finding hearing were waived through that date (see Family Ct Act § 340.1 [2]).

On February 13, 2007 both respondents, their Law Guardians, and the Presentment Agency appeared at 10:00 A.M. in Family Court, but the complainant did not. The Presentment Agency's counsel, who had spoken to the complainant's mother the night before, and had been assured that the complainant would appear, called his cell phone, but was unable to reach him. After 30 minutes, both Law Guardians moved to dismiss the petitions on speedy trial grounds. The Presentment Agency requested that the matter be adjourned to later the same day. The court granted the Law Guardians' motions and dismissed the petitions. The complainant appeared at 11:00 A.M., having been delayed in transit.

Under the circumstances of this case, there was no violation of the respondents' rights to a speedy trial. Any delay in the commencement of the hearing was de minimis, and would have been obviated by merely recalling the case later that day, after the complainant had an opportunity to arrive. Accordingly, it was error to dismiss the petitions on that basis (see Matter of Teniqua Y., 299 AD2d 490 [2002]; Matter of Iola C., 262 AD2d 558, 559 [1999]; Matter of Latoya McD., 262 AD2d 564 [1999]; Matter of Stephen H., 251 AD2d 664 [1998]; Matter of Lawrence C., 152 AD2d 693, 694 [1989]). Spolzino, J.P., Skelos, Florio and Angiolillo, JJ., concur.