■ In the Matter of Tierra H., Respondent. [920 NYS2d 428]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the Presentment Agency appeals from an order of the Family Court, Kings County (Freeman, J.), dated June 17, 2010, which dismissed the petition.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, and the petition is reinstated.

The presentment agency filed a juvenile delinquency petition against Tierra H. (hereinafter the respondent) on February 5, 2010. The parties agreed to adjourn the matter to June 17, 2010, for a fact-finding hearing at 11:30 A.M., stipulating that this day would be deemed "day 60" with regard to the respondent's right to a speedy fact-finding hearing (*see* Family Ct Act § 340.1 [2]).

On June 17, 2010, the respondent, her attorney, and counsel for the Presentment Agency appeared at 11:30 A.M. in Family Court, but the complainant failed to appear. The presentment agency's counsel advised the court that she had spoken to the complainant's mother the night before, and had spoken to the

complainant herself at 9:30 A.M. that morning, and both the complainant and her mother had assured the presentment agency's counsel that the complainant would appear for the hearing. The presentment agency's counsel stated that she had subsequently left messages at the complainant's home and called the cell phone of the complainant's father, but she was unable to speak with or leave a message for him.

At 11:40 A.M., the respondent's counsel moved to dismiss the petition due to the complainant's absence. The Family Court stated it would adjourn the matter until 12:00 P.M. When the matter was recalled at 12:13 P.M., the presentment agency's counsel advised the Family Court that the complainant still had not arrived and requested that the matter be adjourned until later the same day. She informed the Family Court that she had spoken to the complainant's father during the prior adjournment, and he had indicated that the complainant was going to the wrong address. The Presentment Agency's counsel stated that she had given the complainant's father the correct address, and he had indicated that he would promptly contact the complainant. The Family Court refused to adjourn the matter until later in the day and dismissed the petition "for failure of speedy [f]act [f]inding."

Under the circumstances of this case, there was no violation of the respondent's right to a speedy fact-finding hearing. Any delay in the commencement of the hearing was de minimis, and would have been obviated by merely recalling the case later that day, after the complainant had an opportunity to arrive. Accordingly, it was error to dismiss the petition (see *Matter of Sheldon M.*, 48 AD3d 814, 815 [2008]; *Matter of Teniqua Y.*, 299 AD2d 490, 491 [2002]; *Matter of Iola C.*, 262 AD2d 558 [1999]; see also *Matter of Stephen H.*, 251 AD2d 664, 665 [1998]). Covello, J.P., Eng, Hall and Roman, JJ., concur.