■ In the Matter of DAVID P., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. [966 NYS2d 94]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the Presentment Agency appeals from an order of the Family Court, Queens County (Bogacz, J.), dated June 12, 2012, which dismissed the petition.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the petition is reinstated.

The Presentment Agency filed separate juvenile delinquency petitions against David P. and Malik A., alleging that each committed acts which, if committed by an adult, would constitute robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, and menacing in the third degree.

On June 12, 2012, David P., Malik A., their respective counsel, and counsel for the Presentment Agency appeared in the Family Court for the continuation of a suppression hearing with regard to Malik A. That date had been previously deemed "day 60" for purposes of the speedy fact-finding hearing (*see* Family Ct Act § 340.1 [2]). The Presentment Agency's counsel advised the Family Court that she had spoken to the complainant's father approximately 30 minutes earlier that day and that the complainant's father advised her that he had "mixed up the court dates" and had "accidentally" sent the complainant to school. The complainant's father further stated to the Presentment Agency's counsel that the complainant could be present in court later that afternoon. The Presentment Agency's counsel requested that the case not be dismissed until the end of the day in order to permit the complainant to appear in court. She further requested a "brief recall." The Family Court refused to adjourn the matter until later in the day and granted the separate applications of David P. and Malik A. to dismiss each petition on the ground that their rights to a speedy fact-finding hearing had been violated.

Under the circumstances of this case, the Family Court erred in dismissing the juvenile delinquency petition filed against David P. There was no violation of David P.'s right to a speedy fact-finding hearing. The Presentment Agency only sought an adjournment until later in the day of June 12, 2012, which was still on "day 60" for purposes of his right to a speedy fact-finding hearing. Any delay in the commencement of the hearing was de minimis, and would have been obviated by merely recalling the case later that day, after the complainant had an opportunity to arrive in court (*see Matter of Tierra H.*, 83 AD3d 837, 838 [2011]; *Matter of Sheldon M.*, 48 AD3d 814, 815 [2008]; *Matter of Teniqua Y.*, 299 AD2d 490, 491 [2002]; *Matter of Iola C.*, 262 AD2d 558 [1999]). Rivera, J.P., Leventhal, Austin and Miller, JJ., concur.