■ In the Matter of ANTHONY S., a Person Alleged to be a Juvenile Delinquent, Appellant. [978 NYS2d 293]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Anthony S. appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Malone, J.), entered March 2, 2012, which, after a hearing, found that he committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the first degree, attempted robbery in the second degree, and menacing in the second degree, adjudged him to be a juvenile delinquent, and placed him in a limited secure facility for a period of 18 months with no credit for time served.

Ordered that the appeal from so much of the order of fact-finding and disposition as placed the appellant in a limited secure facility for a period of 18 months with no credit for time served is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Ronald T.*, 23 AD3d 567 [2005]; *Matter of Jerrol H.*, 19 AD3d 693 [2005]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

There is no merit to the appellant's claim, raised for the first time on appeal, that the Family Court lacked subject matter jurisdiction over the proceeding because the presentment agency failed to present evidence that the appellant was less than 16 years of age when he committed the acts alleged in the petition (*see Matter of Deon L.*, 173 AD2d 469, 469-470 [1991]; *Matter of Anthony J.*, 143 AD2d 668 [1988]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to prove beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the first degree, attempted robbery in the second degree, and menacing in the second degree (*see* Penal Law §§ 110.00, 160.15 [4]; 160.10 [2] [b]; 120.14 [1]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we neverthe-

less accord great deference to the opportunity of the trier of facts to view the witnesses, hear the testimony and observe demeanor (*cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence (*cf. People v Romero*, 7 NY3d 633 [2006]).

The appellant's remaining contentions either are without merit or do not require reversal. Rivera, J.P., Lott, Sgroi and Miller, JJ., concur.