INGA-LILL K. GAMBLE, Respondent, v. MILLARD G. GAMBLE, Appellant. — In an action to set aside a separation agreement and for a judicial separation, the defendant appealed from an order of the Supreme Court, Kings County, dated December 1, 1964, which conditionally granted his motion to vacate an order sequestering his property and appointing a receiver. The plaintiff now moves to dismiss the appeal on the following grounds: (1) that the defendant, although he had served a timely notice of appeal on the plaintiff's attorney, failed either to file such notice in the office of the clerk of the court or to serve it upon the receiver; and (2) that the defendant has failed to diligently prosecute the appeal. The plaintiff also moves in the alternative for leave to dispense with printing of her brief and to submit a typewritten brief in the event that the motion to dismiss be denied. The appeal was submitted to the court on April 9, 1965, without any brief by plaintiff. Motion to dismiss appeal denied; motion to dispense with printing granted; plaintiff is directed to file six copies of her typewritten brief and to serve one copy upon defendant on or before May 27, 1965. Defendant may cure his omission with respect to the filing and service of the notice of appeal by filing it in the office of the clerk of the Supreme Court, Kings County, and by serving a copy upon the receiver, on or before May 27, 1965. It appears that the defendant's omission to file the notice of appeal was inadverent and excusable; hence, such omission may be cured (CPLR 5520; *Matter of City of N. Y.* v. *Bedford Bar & Grill,* 1 N Y 2d 707; *Chase Nat. Bank of City of N. Y.* v. *Kitching,* 233 App. Div. 767). The failure to serve the receiver, assuming that he was a necessary party — a question which we need not decide on this motion — is a defect which is also remediable upon a showing of inadvertence (*Matter of Berman,* 21 A D 2d 136; *Matter of Rodes* v. *Rodes,* 19 A D 2d 791; *Matter of Donahue,* 84 N. Y. S. 2d 48). Beldock, P. J., Christ, Brennan, Rabin and Benjamin, JJ., concur.