■ BARBARA SIMPSON, Respondent, v MAL SERVICE CORP., Appellant. [613 NYS2d 399] —Order, Supreme Court, New York County (David B. Saxe, J.), entered on or about April 26, 1993, which denied respondent's motion to vacate a default judgment confirming an arbitration award for interest on a prior award, unanimously reversed, on the law, the motion is granted and the petition dismissed, with costs.

Vacatur of a default judgment requires a showing of reasonable excuse for the default and a meritorious defense *(Du-Art Film Labs. v Wharton Intl. Films,* 91 AD2d 572, 573). Respondent met both requirements. The original arbitration award (principal and attorney fees) in the amount of $17,821.16 was paid by respondent in a timely fashion in 1990. The subsequent award for interest should have been disaffirmed.

The notice of petition for interest, dated July 26, 1991, designating August 16 as the return date, was addressed to respondent at 151 West 21st Street in Manhattan, but was purportedly served by hand upon respondent's managing

agent on August 7, 1991 at a corporate address listed on the affidavit as 161 West 21st Street. The next day, service was purportedly made upon the Secretary of State, pursuant to Business Corporation Law § 306. Justice Saxe, before whom the petition was made returnable, was apparently not available on August 16, so petitioner rescheduled the return for August 26. An amended notice to this effect, dated August 16, was sent by certified mail to respondent at 161 West 21st Street, bearing a postmark of August 19. These papers were not personally served upon respondent's managing agent, as the original petition had purportedly been. The return date was subsequently adjourned to September 4, 1991, at which time petitioner appeared alone and took a default interest award of $104,268.19. Order and judgment were entered on January 8, 1992.

In July 1992 respondent moved to vacate the default, asserting it had never received service from the Secretary of State, nor had its managing agent or any other corporate officer been served with the petition or notice of petition. The only service admittedly received was the certified mailing with notification of the rescheduling of the return date to August 26. The letter in the record bears respondent's "received" stamp of August 26. (The certified mail delivery receipt is not in the record.) If this certified letter was the only notice actually received by respondent, and if that amended notice was indeed mailed on August 19, then respondent certainly was not afforded the eight days' notice to which it was entitled (CPLR 403 [b]), to say nothing of the five additional days for mailing (CPLR 2103 [b] [2]). At the very least, respondent should have been entitled to a traverse on its motion to vacate the default.

On the merits, the arbitrator had no authority to award interest, since such an award is only available on "overdue payments" (Insurance Law § 5106 [a]). Inasmuch as the principal amount had been paid by respondent in a timely fashion following the original arbitration, there were no payments "overdue". Concur—Sullivan, J. P., Wallach, Ross, Rubin and Tom, JJ.