■ In the Matter of STEVEN S., a Person Alleged to be a Juvenile Delinquent, Respondent. [650 NYS2d 156] —Appeal from a corrected order of the Family Court, Bronx County (Marjory D. Fields, J.), entered on or about July 12, 1995, which dismissed the presentment agency's second petition charging respondent with the commission of acts which, if committed by an adult, would constitute the crimes of assault in the second degree, reckless endangerment in the second degree, assault in the third degree and criminal possession of a weapon in the fourth degree, is unanimously held in abeyance and the presentment agency is directed to serve a notice of appeal upon respondent within 30 days of the entry of this order.

On May 25, 1995, respondent was scheduled for arraignment before Judge Richard Ross on the charges set forth above, but failed to appear. A warrant was thereafter issued for his arrest, and the matter was adjourned until June 23, 1995. Respondent, after being arrested in school on the warrant, was returned to court on June 20, 1995 and was arraigned and paroled to his grandmother. The case was then adjourned until July 7, 1995 for a hearing on respondent's motion to dismiss the petition.

At the July 7, 1995 hearing, respondent argued that after he had first failed to appear in court on May 25, 1995, the presentment agency did not exercise due diligence in securing his presence within 30 days of the filing of the petition, as required by Family Court Act § 312.2 (1) and (2). As a result, respondent maintained that the petition should be dismissed. The presentment agency conceded it could not demonstrate due diligence and asserted that the petition should be dismissed without prejudice so a new petition could be filed.

A second petition was filed on July 7, 1995 and on July 12, 1995, the Family Court issued an order, followed by a corrected order and decision, which held: that the first petition was properly dismissed because the presentment agency failed to show due diligence in attempting to obtain respondent's appearance in court within 10 days of the filing of the original petition on May 25, 1995 (see, Family Ct Act § 320.2); and that the second petition must be dismissed because the filing of a new petition "to allow the time period for [the] initial arraignment to begin again is tantamount to tolling the time for the initial appearance, in contravention of Family Court Act § 320.2". The presentment agency appeals.

Respondent now claims, inter alia, that this Court lacks jurisdiction to hear this appeal because the presentment agency failed to follow the statutorily mandated procedures of service.

Family Court Act § 365.3 (3) provides that: "If the presentment agency is the appellant, it must serve a copy of such notice of appeal upon the respondent *and* upon the attorney or law guardian who last appeared for him in the family court." (Emphasis added.)

The presentment agency concedes that service was not made upon the respondent, but maintains that such defect is not fatal to the appeal. We agree.

Article 11 of the Family Court Act governs appeals made from that court. Family Court Act § 1118 provides, *inter alia*, that "[t]he provisions of the civil practice law and rules apply where appropriate to appeals under this article". Since no specific provision of the Family Court Act governs the situation herein, we turn to CPLR 5520 (a), which provides: "If an appellant either serves or files a timely notice of appeal or notice of motion for permission to appeal, but neglects through mistake or excusable neglect to do another required act within the time limited, the court from or to which the appeal is taken or the court of original instance may grant an extension of time for curing the omission."

Thus, the presentment agency's mistake in failing to serve respondent is not a fatal defect depriving this Court of jurisdiction (*see generally, Gamble v Gamble*, 23 AD2d 887; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5520:1, at 255-256), and we grant the presentment agency leave to remedy its omission and to serve respondent with a notice of appeal. Concur—Milonas, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.