■ In the Matter of DELILA M., Respondent. [656 NYS2d 306] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the petitioner appeals from an order of the Family Court, Kings County (Ambrosio, J.), dated July 17, 1995, which dismissed the petition on the ground that the respondent had been denied the right to a speedy fact-finding hearing pursuant to Family Court Act § 340.1 (2).

Ordered that the order is reversed, on the law, without costs or disbursements, and the petition is reinstated.

On March 22, 1995, a juvenile delinquency petition was filed against the respondent charging her with having committed acts, which if committed by an adult, would constitute the crimes of criminal trespass in the second degree and criminal mischief in the fourth degree. The charges arose out of an incident which occurred on November 28, 1994, in an apartment at 5314 6th Avenue in Brooklyn. The petition was supported by affidavits from the person "in control" of the apartment and Police Officer Steffans. In a "Voluntary Disclosure Form" dated March 27, 1995, the petitioner alerted the respon-

dent that another police officer, i.e., Police Officer Smith, was also "involved in this arrest and investigation" and was an "identifying witness".

The instant proceeding was adjourned for "good cause" (see, Family Ct Act § 340.1 [4]), on consent of the respondent, until July 17, 1995. On that date, the petitioner answered "ready" for the fact-finding hearing, and called Police Officer Smith as its witness. Police Officer Steffans was not present and the person in control of the apartment was away on his honeymoon and was scheduled to return on July 25, 1995. The Family Court dismissed the juvenile delinquency petition stating, "You have one witness—one police officer witness out of three witnesses * * * You are not ready by any rational definition of the law".

We reverse. As the First Department has correctly stated (Matter of Robert B., 187 AD2d 347, 349), "Section 340.1 of the Family Court Act provides time limits for the commencement of a fact-finding hearing, not its completion. There is no requirement in the statute that the presentment agency have every essential witness available to testify at the commencement of the hearing".

It is clear that the instant fact-finding hearing could have been timely commenced with the testimony of Police Officer Smith, and then adjourned for a short interval, to accommodate Police Officer Steffans and the person in control of the apartment, who was scheduled to return from his honeymoon on July 25, 1995 (see, Matter of Robert B., supra; Matter of Jamar B., 220 AD2d 661; Matter of Anthony H., 219 AD2d 436).

The petitioner served a notice of appeal on the respondent's Law Guardian, as required pursuant to Family Court Act § 365.3 (3). Nevertheless, the petitioner had failed, at least as of the time of oral argument of the instant appeal, to serve the respondent herself, as is also required under Family Court Act § 365.3 (3). Contrary to the respondent's contention, the petitioner's omission does not deprive this Court of jurisdiction to hear the instant appeal (see, Matter of Steven S., 234 AD2d 13; CPLR 5520 [a]) and the court may grant the petitioner leave to remedy its omission and to serve the respondent with a notice of appeal (see, Matter of Steven S., supra). Since the petitioner has recently furnished to this Court proof of service of the notice of appeal on the respondent, the order is now reversed, and the petition is reinstated. Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.