■ LAWYERS COOPERATIVE PUBLISHING, a Division of THOMSON LEGAL PUBLISHING, Respondent, v WILLIAM D. SCOTT et al., Appellants. [680 NYS2d 374] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: This action for breach of contract was submitted for arbitration (*see*, 22 NYCRR 28.2), and an award of no cause for action was entered following a hearing. Plaintiff then filed a demand for a trial de novo, and Supreme Court scheduled the matter for a pretrial conference. When defendants failed to appear at the conference, a default judgment was entered against them. Defendants thereafter moved to vacate the default judgment and for entry of final judgment on the arbitration award.

Because plaintiff had filed a timely demand for a trial de novo, the court properly denied that part of defendants' motion for entry of final judgment on the arbitration award. Any defect in the service of the demand may be cured (*see*, 22 NYCRR 28.12 [b]; *see also*, CPLR 5520 [a]) and does not deprive the court of jurisdiction to proceed with the trial de novo (*see, Matter of Delila M.*, 238 AD2d 342; *Matter of Steven S.*, 234 AD2d 13). The court abused its discretion, however, in denying that part of defendants' motion to vacate the default judgment on the ground of excusable default (*see*, CPLR 5015 [a] [1]). Defendants, who live in Buffalo, received less than one day's notice of the conference and promptly communicated with the court by telephone to explain their difficulty in attending on such short notice and to state that they were not served with the demand for a trial de novo. We therefore modify the order by granting in part defendants' motion, vacating the default judgment and reinstating the answer. (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Vacate Judgment.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Fallon, JJ.