(September 16, 1999)

■ Gus Bevona, Respondent, v Blue Star Realty Corp., Appellant. [694 NYS2d 656] —Order, Supreme Court, New York County (Bernard Fried, J.), entered on or about February 10, 1998, which denied respondent's application to vacate, pursuant to CPLR 317 and 5015 (a) (1) and (4), a default judgment confirming an arbitration award directing respondent to make certain payments to petitioner union's health, pension and annuity funds, to stay enforcement of such judgment pursuant to CPLR article 63, and to dismiss this proceeding for confirmation of the arbitration award under CPLR 7510, unanimously reversed, on the law and the facts, without costs, the motion to vacate the judgment of confirmation granted, pursuant to CPLR 5015 (a) (4), and the proceeding dismissed for lack of personal jurisdiction over respondent.

Respondent Blue Star Realty Corp. (Blue Star) owns an apartment building in Brooklyn. Prior to April 1991, Blue Star was owned, and the building was controlled, by Robert Gershon. Gershon maintained Blue Star's offices in Manhattan. On June 30, 1988, Blue Star became a party to a collective bargaining agreement (the 1988 agreement) with petitioner. Article IX of the 1988 agreement provides, in relevant part: "1. If there is * * * a change of control through a lease * * * the successors in ownership or control may, unless they have otherwise indicated their intention not to be bound by this agreement * * * adopt the contract within 30 days after such acquisition".

In April 1991, Gershon transferred control of the building to Ralph Sperlin pursuant to a lease. After acquiring control of the building, Sperlin conducted business relating to the building at offices in Brooklyn. Approximately two years thereafter, ownership of Blue Star's stock was transferred to Sperlin. There is no evidence in the record that the 1988 agreement was ever adopted by Sperlin.

In May 1991, the month after the change of control of the building, Sperlin, through Hagar and Associates, fired two building employees who were members of the union. The union demanded arbitration pursuant to the 1988 agreement. The demand for arbitration and subsequent notices in the arbitration proceedings were directed to Blue Star's office in Brooklyn, not to the Manhattan address set forth in Blue Star's assent to

the 1988 agreement. Blue Star has not challenged the sufficiency of service upon it of the union's demand for arbitration. Blue Star never appeared in the arbitration, nor sought a stay of arbitration. The arbitrator rendered an award directing that Blue Star make payments to the benefit funds sought by the union.

Petitioner commenced this proceeding to confirm the arbitration award by notice of petition and petition dated April 21, 1997. Petitioner purportedly served Blue Star by sending these papers by certified mail, return receipt requested, to Blue Star at the Manhattan address set forth in its assent to the 1988 agreement. The receipt was returned signed "C. Gershon".

Blue Star did not appear in the confirmation proceeding prior to the entry of the judgment of confirmation. An order and judgment of confirmation was entered in June 1997, based on Blue Star's default. Notice of entry of the order and judgment of confirmation was sent to Blue Star at the Manhattan address. Blue Star then moved, by order to show cause dated November 17, 1997, to vacate the default judgment. The motion court denied Blue Star's motion to vacate.

The motion court erred in denying respondent's motion to vacate the default judgment of confirmation for lack of personal jurisdiction. Pursuant to Article IX of the 1988 agreement, upon the transfer of control of the building to Sperlin in April 1991, and the failure of Sperlin to adopt the 1988 agreement, Blue Star ceased to be a party to the 1988 agreement. Consequently, it was error to conclude that Sperlin adopted the collective bargaining agreement and was bound by its terms, to conclude that service of the confirmation paper by mail to the Manhattan address was reasonable, even assuming that respondent managed to receive timely, actual notice (*see*, *McDonald v Ames Supply Co.*, 22 NY2d 111, 115), and to determine that Blue Star had not shown any meritorious defense to confirmation of the arbitration award. Concur—Ellerin, P. J., Williams, Mazzarelli and Buckley, JJ.