OPINION OF THE COURT
Marilyn Shafer, J.
Defendants Harvey Horowitz and Bernard Horowitz (the Horowitz brothers) move to vacate a default judgment on the ground of lack of personal jurisdiction, pursuant to CPLR 5015 *188 (a) (4) and 305 (b), and to dismiss this action, or, in the alternative, for leave to serve an answer.
Plaintiff LePatner & Associates, LLP (LePatner LLP), a law firm, commenced this action on April 7, 2008, by filing a summons and complaint. In the complaint, LePatner LLP seeks to recover the sum of $187,107.61, together with interest, in unpaid legal fees and disbursements allegedly incurred by the Horowitz brothers and due plaintiff in prosecuting a lawsuit on their behalf (see Horowitz v Sterling Acquisitions Group, L.L.C., US Dist Ct, SD NY, case No. 9010/05 CLB [the District Court action]). LePatner LLP asserts causes of action based on theories of account stated, breach of contract, quantum meruit, and unjust enrichment.
In the District Court action, LePatner LLP moved to be relieved as counsel and for a charging lien pursuant to Judiciary Law § 475, on the ground that the Horowitz brothers had failed to pay the firm’s invoices in full. By order dated July 25, 2007, the District Court granted the motion, relieving LePatner LLP as counsel and holding that a charging lien
“was established and determined to exist upon the proceeds of any funds obtained by [the Horowitz brothers] in connection with this matter arising out of settlement, award, judgment or order, with the specific amount of such charging lien to be determined at a subsequent hearing or inquest conducted by the Court at a time and date to be fixed by the Court, unless otherwise adjudicated.”
The Horowitz brothers retained new counsel and proceeded with the prosecution of the District Court action. Subsequently, the action settled upon payment by the Horowitz brothers to Sterling Acquisitions Group in exchange for the termination of Sterling’s rights to the real property at issue in the action. No hearing or inquest to determine the amount of the lien was held, allegedly because the Horowitz brothers did not receive any funds in the settlement.
In the action at bar, LePatner LLP alleges that it properly effected service of a summons and complaint pursuant to CPLR 308 on the Horowitz brothers at their respective homes on April 24, 2008.
On June 24, 2008, following the Horowitz brothers’ failure to appear or serve an answer in this action within 30 days after service of process, and upon LePatner LLP’s motion, the County Clerk issued a default judgment against each defendant in the *189 sum of $187,107.61, together with interest in the sum of $15,178.78.
On July 1, 2008, LePatner LLP served each defendant with a copy of the default judgment with notice of entry, a notice to judgment debtor or obligor, and a restraining notice to judgment debtor. LePatner LLP also caused an execution with notice to garnishee in the amount of $202,800.19, together with interest accruing from June 24, 2008, to be served on Provident Bank, where Bernard Horowitz maintained an account. By letter dated July 28, 2008, the Orange County Sheriffs Office advised Provident Bank that the total balance due was $214,872.62, including interest to July 28, 2008, poundage, and fees, and requested that checks payable to the Sheriffs Office be issued on Bernard Horowitz’s account. As a result, Provident Bank froze the account, which contained approximately $30,000, and advised Bernard Horowitz that his assets were subject to execution and levy by the sheriff.
Upon receipt of the Provident Bank correspondence, the Horowitz brothers allegedly contacted their attorneys, who then discovered the existence of the default judgment issued in this action.
On August 19, 2008, LePatner LLP commenced a fraudulent conveyance action against Harvey Horowitz, Bernard Horowitz, Sura Horowitz (Harvey Horowitz’s wife), and Martin Schwartz, apparently a business associate of the Horowitz brothers (see LePatner & Assoc., LLP v Horowitz, Sup Ct, Orange County, index No. 008999/08). In that action, LePatner LLP alleges that, on March 12, 2008, the Horowitz brothers fraudulently conveyed two parcels of real estate, including Harvey Horowitz’s residence, for no consideration to Sura Horowitz and Martin Schwartz. LePatner LLP also alleges that, on June 11, 2008, the Horowitz brothers obtained a $256,215 mortgage on Bernard Horowitz’s residence.
During pendency of the instant motion and in order to maintain the status quo, by stipulation so-ordered by the court on September 3, 2008, the parties agreed that LePatner LLP will cease all collection activity on the default judgment; that the restraint on bank funds levied on Bernard Horowitz’s Provident Bank account will continue, pending further order of this court; that the Horowitz brothers are restrained and enjoined from the transfer or dissipation of their assets, other than in the regular course of business; and that the Horowitz brothers will retain at least $180,000 in unencumbered assets, *190 in addition to the assets maintained in the Provident Bank account.
The Horowitz brothers now seek to vacate the default judgment on the ground that the court has not obtained personal jurisdiction over them. They deny receipt of process by personal service, substituted service, or the additional mailings allegedly performed by the process server and LePatner LLP’s attorneys. They also contend that service is a nullity on the ground that, in the affidavits of service, the process server misidentified the papers that he served.
In opposition, LePatner LLP contends that the Horowitz brothers have not shown that service was improper, do not have a meritorious defense, and do not have a reasonable excuse for their default.
Pursuant to CPLR 5015 (a) (4), the court is empowered to relieve a party from a judgment or order on the ground of lack of jurisdiction to render the judgment or order (Bevona v Blue Star Realty Corp., 264 AD2d 586, 587 [1st Dept 1999]). A lack of jurisdiction alone will constitute a reasonable excuse for the default (Ismailov v Cohen, 26 AD3d 412, 413-414 [2d Dept 2006]), inasmuch as failure to properly effect service is a jurisdictional defect and renders void any subsequent proceedings (Muslusky v Lehigh Val. Coal Co., 225 NY 584, 587 [1919]).
The plaintiff bears the burden of proving by a preponderance of the evidence that jurisdiction was obtained over the defendant by proper service of process (Frankel v Schilling, 149 AD2d 657, 659 [2d Dept 1989]). It is well-established that the affidavit of a process server constitutes prima facie evidence of proper service and that a conclusory denial of receipt of service is insufficient to rebut the presumption of proper service created by a properly executed affidavit of service (Matter of de Sanchez, 57 AD3d 452, 452 [1st Dept 2008]). Here, however, the Horowitz brothers have raised issues of fact sufficient to controvert the affidavits of service and require a traverse hearing.
In one affidavit of service, Craig Williams, the process server, attests that, on Monday, April 28, 2008 at 10:50 a.m., he served a summons and indorsed complaint by personal service on Bernard Horowitz at his home in Monroe, New York (see Craig Williams Apr. 28, 2008 aff of serv on Bernard Horowitz; CPLR 308 [1]). In the other affidavit of service, Williams attests that on the same day, at 11:00 a.m., he effected process on Harvey Horowitz by substituted service (see Craig Williams Apr. 28, 2008 aff of serv on Harvey Horowitz; CPLR 308 [2]) by leaving a sum *191 mons and indorsed complaint with his wife, nonparty Sura Horowitz, a person of suitable age and discretion, at their home in Monroe, New York and by mailing a copy of these documents to Harvey Horowitz at his home address.
Pursuant to CPLR 306 (a), “[p]roof of service shall specify the papers served.” Williams attests that he served an “indorsed” complaint on each defendant. However, LePatner LLP’s attorney, Joseph Aronauer, Esq., states that he did not provide Williams with an indorsed complaint, that there is no indorsed complaint in this action, and that he forwarded to Williams a formal complaint for service (see Joseph Aronauer Sept. 16, 2008 affirm ¶ 6; Oct. 23, 2008 oral argument tr at 4:13-16).
In an attempt to explain the mistake, Williams attests that the reference to an “indorsed” complaint means that he served the complaint that was annexed to the summons forwarded with Aronauer’s April 7, 2008 transmittal letter to Court Services, Inc. (see Craig Williams Sept. 13, 2008 aff n 1).
However, an indorsed complaint and a formal complaint are not the same type of document. Service of an indorsed complaint is authorized by New York City Civil Court Act, article 9, § 902. An indorsed complaint consists of a cause of action for payment of money only indorsed on a summons. Pursuant to section 902, an indorsed complaint is not the equivalent of a formal complaint. Inasmuch as there is no dispute that Williams is a professional process server and should understand the difference between the two types of complaints, in conjunction with LePatner LLP’s denial of the existence of an indorsed complaint, a traverse hearing to determine whether a complaint, and which type, was served with the summons is necessary.
Assuming without deciding that a formal complaint was served with the summons, a traverse is also necessary to determine whether the Horowitz brothers were served on the date, at the location, and in the manner to which Williams attests. However, the court notes that the Horowitz brothers do not dispute the accuracy of Williams’ physical description of Bernard Horowitz or Sura Horowitz or their home addresses specified on Williams’ affidavits of service.
Williams attests that he personally served Bernard Horowitz at his dwelling place. Section 308 (1) of the CPLR permits service on a natural person to be effected by delivering the summons to the person to be served.
However, by sworn affidavit, Bernard Horowitz denies receipt of a summons and complaint in this action, whether by hand or *192 by mail {see Bernard Horowitz Aug. 6, 2008 aff at 1). He further attests that he is always at work before 10:00 a.m. on a weekday and that, therefore, Williams “would not have found him home” on Monday, April 28, 2008, at 10:50 a.m., the date and time Williams allegedly effected personal service {id. at 1). He also attests that he could not have been home on April 28, 2008, because he had moved in for approximately two weeks with Harvey Horowitz, following the death of their brother {see Bernard Horowitz Sept. 24, 2008 aff at 1; Harvey Horowitz Sept. 24, 2008 aff at 1). Bernard Horowitz’s denial of receipt of process is specific enough to controvert the affidavit of service and require a traverse hearing.
Next, Williams attests that he served Harvey Horowitz at his dwelling place by substituted service on Sura Horowitz, his wife, and by mailing a copy of the summons and complaint to that address. Section 308 (2) of the CPLR, in relevant part, permits service to be effected on a natural person by delivery of a copy of the summons within the state to a person of suitable age and discretion at the defendant’s place of business or dwelling place and by mailing a copy to the defendant’s last known residence. In order to properly effect service pursuant to the section, the plaintiff must strictly comply with both the delivery and mailing requirements (Brownell v Feingold, 82 AD2d 844, 844 [2d Dept 1981]; see CPLR 308 [2]).
Harvey Horowitz attests that he did not receive a summons and complaint in this action, whether left with Sura Horowitz or by mail (see Harvey Horowitz Aug. 6, 2008 aff at 1). He attests that he was home on the date and at the time of the alleged service, because he had an appointment with an insurance agent between 10:00 and 11:00 a.m. that morning (see id.). He further attests that, therefore, his wife would have been at their shop located in Monroe, New York, and, therefore, could not have received service (see id. at 2).
Sura Horowitz attests that, while she has no specific recollection of April 28, 2008, she is sure that, if her husband was home on a weekday, then she would have been at their shop (see Sura Horowitz Aug. 6, 2008 aff at 1). She denies ever having received a summons and complaint in this action, either by hand or by mail (see id. at 1).
With these specific denials of receipt of service, Harvey Horowitz has raised issues of fact regarding the validity of service requiring a traverse hearing.
Contrary to the contention of LePatner LLR Sura Horowitz’s telephone call to its attorneys’ offices does not conclusively *193 demonstrate that service of process was properly effected on Harvey Horowitz. When Sura Horowitz telephoned its attorneys, what prompted her call, and how she obtained the telephone number are credibility issues more properly determined at the traverse hearing.
Last, whether the Horowitz brothers have raised a meritorious defense to the action and judgment is not relevant at this time. A defendant relying on lack of personal jurisdiction to excuse its default need not offer a meritorious defense or a reasonable excuse for the default (European Am. Bank v Legum, 248 AD2d 206, 208 [1st Dept 1998]).
Accordingly, it is ordered that the issue of whether service was properly effected on defendants Harvey Horowitz and Bernard Horowitz is referred to a special referee to hear and report with recommendations, except that, in the event of and upon the filing of a stipulation of the parties, as permitted by CPLR 4317, the special referee, or another person designated by the parties to serve as referee, shall determine the aforesaid issue; and it is further ordered that the motion is held in abeyance pending receipt of the report and recommendations of the special referee and a motion pursuant to CPLR 4403 or receipt of the determination of the special referee or the designated referee.