Global Liberty Ins. Co. v Shahid Mian, M.D., P.C. (2019 NY Slip Op 04144)





Global Liberty Ins. Co. v Shahid Mian, M.D., P.C.


2019 NY Slip Op 04144


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-02314
 (Index No. 610046/16)

[*1]Global Liberty Ins. Co., appellant, 
v
Shahid Mian, M.D., P.C., etc., respondent.


The Law Office of Jason Tenenbaum, P.C., Garden City, NY (Roman Kravchenko of counsel), for appellant.
Samandarov & Associates, P.C., Floral Park, NY (Eli Shmulik of counsel), for respondent.



DECISION & ORDER
In an action for a judgment declaring that the plaintiff is not obligated to pay certain no-fault insurance benefits, the plaintiff appeals from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered January 18, 2018. The order granted the defendant's motion pursuant to CPLR 5015(a)(1) to vacate its default in answering the complaint.
ORDERED that the order is affirmed, with costs.
In December 2016, the plaintiff, a no-fault insurance carrier, commenced this action pursuant to Insurance Law § 5106(c) for a de novo adjudication of a dispute regarding its denial of the defendant's claim for no-fault insurance benefits for medical services rendered to its assignor. Prior thereto, an arbitrator had determined that the defendant was entitled to no-fault compensation in the amount of $6,759.16, plus interest and attorney's fees. The plaintiff appealed the award to a master arbitrator, who affirmed the award.
After the defendant failed to timely appear or answer the complaint in this action, the plaintiff moved for leave to enter a default judgment. In an order entered March 13, 2017, the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment. The court subsequently issued a default judgment dated July 31, 2017.
Thereafter, in September 2017, the defendant moved pursuant to CPLR 5015(a)(1) to vacate its default. The Supreme Court granted the motion, and the plaintiff appeals.
A defendant seeking to vacate its default pursuant to CPLR 5015(a)(1) on the ground of excusable default must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see CPLR 5015[a][1]; Allstate Ins. Co. v North Shore Univ. Hosp., 163 AD3d 745, 746). Here, the defendant demonstrated a reasonable excuse for its default (see Allstate Ins. Co. v North Shore Univ. Hosp., 163 AD3d at 746). Moreover, although certain of the evidence submitted by the defendant to demonstrate a potentially meritorious defense was not in admissible form (see generally OneWest Bank, FSB v Singer, 153 AD3d 714, 715-716; King v King, 99 AD3d 672, 673), the defendant demonstrated a potentially meritorious defense to the action by [*2]attaching to its moving papers copies of the arbitration award in which the arbitrator determined that the defendant was entitled to no-fault compensation in the amount of $6,759.16, plus interest and attorney's fees, as well as copies of arbitration materials reflecting that the plaintiff had appealed the award to a master arbitrator, who affirmed the award. In light of the defendant setting forth evidence that it had previously prevailed before an arbitrator on the merits of its defense, the defendant demonstrated a potentially meritorious defense to the action (see Rosenzweig v Gubner, 2018 NY Slip Op 32393[U], *7-8 [Sup Ct, Kings County]; In re Charny, 2002 NY Slip Op 40004[U], *11 [Sup Ct, Kings County]; see generally Bevona v Blue Star Realty Corp., 264 AD2d 586, 587; Lawyers Coop. Publ. v Scott, 255 AD2d 952, 952; Simpson v Mal Serv. Corp., 205 AD2d 419, 419). Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion pursuant to CPLR 5015(a)(1) to vacate its default in answering the complaint.
The plaintiff's remaining contentions are without merit.
SCHEINKMAN, P.J., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court